IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PARKER MICHAEL KNIGHT,** | 3:13-CV-01347-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **U.S. FOOD AND DRUG ADMINISTRATION,** | |
| Defendant. | |

**PARKER MICHAEL KNIGHT**
45 S.E. 196th Avenue
Portland, OR 97233
(971) 400-4609

    Plaintiff, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#5) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On July 1, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court in which he alleges Defendant

> [p]osted a job announcement on USAJOBS.GOV. . . . FDA was received [Plaintiff's] information from USAJOBS.GOV and contacted [Plaintiff] for in-person interview.  The [Plaintiff] was asked several dozen questions during half an hour interview on the phone.  [Plaintiff] was asked illegal questions regarding his disabilities. [Plaintiff] was treated badly by FDA agents [as] being disabled on interview by interview-er.  The petitioner did not get the job applied for.

Compl. at ¶ II.

Plaintiff alleges he "feel[s] [an] American Disability Act . . . violation has occurred based on [his] disability, race, and age."  Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.
>
> * * *
>
> Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious

2 - OPINION AND ORDER

>           and intentional statements about the Plaintiff,
>           Plaintiff's family, and the Plaintiff's business.
>
>                                * * *
>           Defendant and or [its] agents have intentionally,
>           maliciously and without just cause, engaged in
>           deceitful business practices and malicious and
>           intentional fraud that were calculated to harm the
>           Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.

On August 6, 2013, Defendant removed the matter to this Court as an agency of the United States government pursuant to 28 U.S.C. § 1442(a)(1).

On August 21, 2013, Defendant filed a Motion to Dismiss on the grounds that the Court lacks subject-matter jurisdiction and that Plaintiff failed to state a claim.  Plaintiff did not file a response, and the Court took Defendant's Motion under advisement on October 15, 2013.

## STANDARDS

**I.   Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009).  *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the

3 - OPINION AND ORDER

complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

**II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955 [(2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the

4 - OPINION AND ORDER

plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted). "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quotation omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

5 - OPINION AND ORDER

**DISCUSSION**

I. **Dismissal for lack of subject-matter jurisdiction**

Defendant U.S. Food and Drug Administration (FDA) moves to dismiss Plaintiff's claims for slander, intentional infliction of emotional distress (IIED), and fraud on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative remedies and the Federal Tort Claims Act (FTCA) does not waive sovereign immunity for intentional torts.  Defendant also moves to dismiss Plaintiff's Americans with Disabilities Act (ADA) claim on the grounds that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he filed an EEO claim with the ATF and Plaintiff has not stated a claim for violation of the ADA.

    A.    **Exhaustion of tort claims**

The FTCA, 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for monetary damages from the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or

> death caused by the negligent or wrongful act or
> omission of any employee of the Government . . .
> unless the claimant shall have first presented the
> claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency
> in writing and sent by certified or registered
> mail.

28 U.S.C. § 2675(a).  In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be
> forever barred unless it is presented in writing
> to the appropriate Federal agency within two years
> after such claim accrues or unless action is begun
> within six months after the date of mailing, by
> certified or registered mail, of notice of final
> denial of the claim by the agency to which it was
> presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006).

Plaintiff does not allege in his Complaint that he filed an administrative tort claim with the FDA or that the FDA denied in writing any administrative tort claim brought by Plaintiff.  Plaintiff, therefore, has not alleged facts sufficient to establish that he provided tort-claims notice to Defendant as required by the FTCA.  Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims for slander, IIED, and fraud.

    **B.   Sovereign immunity related to tort claims**

Defendant contends even if Plaintiff exhausted his administrative remedies, his claims for IIED, slander, and fraud

7 - OPINION AND ORDER

are barred by the doctrine of sovereign immunity.[1]

Under the Eleventh Amendment the sovereign is immune to claims against it by its citizens. U.S. Const. amend XI. *See also Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Congress, however, may abrogate a state's sovereign immunity under certain circumstances or, as with other constitutional rights, a state may voluntarily waive its right to immunity. *See Lane v. Pena*, 518 U.S. 187, 192-98 (1996). *See also Quantum Prod. Serv., LLC v. Austin*, 448 F. App'x 755, 756 (9th Cir. 2011)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The test for waiver of sovereign immunity is a "stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)(quotation omitted). Sovereign immunity may not be impliedly or constructively waived, and courts must "indulge every reasonable presumption against waiver." *Id*. at 678-82 (waivers of sovereign immunity must be "unmistakably clear"). Any ambiguity in the waiver of sovereign immunity must be construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

---

[1] This Court properly has jurisdiction over Defendant pursuant to § 1442. Nevertheless, Defendant may challenge the Court's subject-matter jurisdiction over Plaintiff's state tort claims based on sovereign immunity and over Plaintiff's ADA claim for failure to exhaust administrative remedies.

8 - OPINION AND ORDER

Although Congress specifically waived the United States' sovereign immunity for certain claims in the FTCA, § 2680(h) of the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" from the waiver of sovereign immunity.  Congress, therefore, has not waived sovereign immunity as to claims for slander and fraud like those brought by Plaintiff against the FDA.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims against Defendant for IIED, slander, and fraud without leave to amend because those claims are barred by the doctrine of sovereign immunity.

    **C.**    **Exhaustion of ADA claim**

Defendant moves to dismiss Plaintiff's ADA claim on the grounds that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he filed an EEO claim with the FDA.

"'Prior to instituting a court action under Title VII, a plaintiff alleging discrimination in federal employment must proceed before the agency charged with discrimination.  42 U.S.C. § 2000e-16(c).'"  *Diefenderfer v. LaHood*, No. C08-958Z, 2009 WL 2475083, at *3 (W.D. Wash. Aug. 10, 2009)(quoting *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992)).  *See also* Vines v. Gates, 577 F. Supp. 2d 242, 254 (D.D.C. 2008)

9 - OPINION AND ORDER

(same); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-33 (1976) ("[A]n aggrieved employee [has the right to] file a civil action in a federal district court to review his claim of employment discrimination.  Attached to that right, however, are certain preconditions.  Initially, the complainant must seek relief in the agency that has allegedly discriminated against him.  He then may seek further administrative review with the Civil Service Commission or, alternatively, he may . . . file suit in federal district court without appealing to the Civil Service Commission."); 42 U.S.C. § 2000e-16(c)("Within 90 days of receipt of notice of [alleged discriminatory action] by a department . . . or after one hundred and eighty days from the filing of the initial charge with the department . . . an . . . applicant for employment . . . may file a civil action.").

        Plaintiff has not alleged in his Complaint that he filed an EEO claim with the FDA.  This Court, therefore, lacks subject-matter jurisdiction because Plaintiff has not established that he exhausted his administrative remedies.

        Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for violation of the ADA on the basis of failure to exhaust.

 **II. Dismissal for failure to state a claim**

    As noted, Plaintiff alleges Defendant violated the ADA, 42 U.S.C. § 12112, *et seq.*, "based on [Plaintiff's] disability,

10 - OPINION AND ORDER

race, and age." Defendant moves to dismiss any employment-discrimination claim alleged by Plaintiff on the ground that Plaintiff fails to state a claim for violation of any employment-discrimination statute.

### A. Plaintiff's ADA claim

Title I of the ADA ensures fair opportunities in the workplace for qualified individuals with disabilities by prohibiting discrimination against those individuals and by requiring employers to reasonably accommodate their disabilities. 42 U.S.C. § 12112. *See also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999). The ADA provides in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To state a *prima facie* case of discrimination under the ADA a plaintiff must allege he is a qualified individual with a disability and that his employer discriminated against him because of his disability. *Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

An individual is disabled within the meaning of the ADA if he has "a physical or mental impairment that substantially limits one or more of [his] major life activities" or if his employer regards him "as having such an impairment." 42 U.S.C.

11 - OPINION AND ORDER

§ 12102(2)(A), (C). The Supreme Court has held the term disability should be strictly interpreted "to create a demanding standard for qualifying as disabled" and in order for an individual "to be substantially limited in performing manual tasks, [that] individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. Ky. Inc. v. Williams*, 534 U.S. 184, 197-98 (2002). The term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A).

"As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . he has been the victim of illegal discrimination based on his disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Plaintiff does not allege in his Complaint that he suffers from a physical or mental impairment that substantially limits one or more of his major life activities nor does he identify any of his alleged impairments.

12 - OPINION AND ORDER

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's ADA claim for failure to state a claim.

### B. Plaintiff's claim for age discrimination

Plaintiff appears to intend to allege a claim for discrimination based on age even though Plaintiff's Complaint does not contain any allegations regarding Defendant's actions related to Plaintiff's age.

To state a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, a plaintiff

> must demonstrate that [he] is (1) at least forty years old, (2) performed [his] job satisfactorily, (3) was discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise "giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009). Plaintiff fails to allege in his Complaint that he was at least forty years old at the time Defendant failed to hire him, that Defendant hired a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on his age.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim of age discrimination.

13 - OPINION AND ORDER

### C. Plaintiff's claim for race discrimination

Plaintiff appears to intend to allege a claim against Defendant for race discrimination.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "A person suffers disparate treatment in his employment 'when he . . . is singled out and treated less favorably than others similarly situated on account of race.'" *Cornwell v. Electra Cent. Cred. Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)(quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004)).

To establish a *prima facie* case under Title VII, a plaintiff must establish (1) he belongs to a class of persons protected by Title VII, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated him differently than similarly-situated employees who do not belong to the same protected class as the plaintiff.  *Id*. (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff does not allege in his Complaint that he belongs to a race-based protected class or that he was treated differently from similarly-situated employees who are not in

14 - OPINION AND ORDER

Plaintiff's protected class.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for race discrimination.

### D. Leave to amend

The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez*, 334 F.3d at 861 (quoting *Lopez,* 203 F.3d at 1130). Because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination, the Court dismisses these claims without prejudice and with leave for Plaintiff to file an Amended Complaint to cure the deficiencies set out in this Opinion.

As noted, however, Plaintiff's claims for IIED, slander, and fraud are dismissed with prejudice and without leave to amend based on the doctrine of sovereign immunity.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss, and, accordingly, **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice** and **DISMISSES** Plaintiff's claim(s) for disability, age, and/or race discrimination **without prejudice.**

Plaintiff may file an amended complaint **no later than**

15 - OPINION AND ORDER

**January 3, 2014**, to cure the deficiencies noted above solely as to Plaintiff's claim(s) for disability, age, and/or race discrimination.  The Court advises Plaintiff that failure to file an amended complaint and to cure the specified deficiencies by January 3, 2014, shall result in dismissal of this matter with prejudice.

    IT IS SO ORDERED.

    DATED this 12th day of December, 2013.

                                    /s/ Anna J. Brown

                                    ANNA J. BROWN
                                    United States District Judge